

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-90,743-01 & 90,743-02

### EX PARTE ALFREDO RAMIREZ, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W15-58722-Y(A), W15-58723-Y(A)
### IN THE CRIMINAL DISTRICT COURT NO. 7
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted in two cause numbers of possession with intent to deliver a controlled substance and sentenced to 7 years' imprisonment. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On Nov. 20, 2019, the State entered a response to the -01 application, stating in relevant part that more information was needed to resolve Applicant's contentions and requesting that the trial court enter an order designating issues and communicate with the Board of Pardons and Paroles.[1]

---

[1] The two applications contain identical allegations.

The district clerk properly forwarded these applications to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the applications were forwarded before the trial court made findings of fact and conclusions of law. We remand these applications to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

Applicant contends, among other things, that he was denied adequate notice from the Board of Pardons and Paroles that he would be considered for release on discretionary mandatory supervision. *See* TEX. GOV'T CODE §§ 508.147, 508.149. He also asserts that he has been erroneously classified as ineligible for discretionary mandatory supervision review. Applicant has alleged facts that, if true, might entitle to relief. *Ex parte Retzlaff,* 135 S.W.3d 45 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed:          February 12, 2020
Do not publish